# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

BIANCA SARPEHFIO,

    Plaintiff,

  v.

HERSHEY ENTERTAINMENT
AND RESORTS COMPANY, et
al.,

    Defendants.

CIVIL NO. 1:26-cv-00444

(LATELLA, M.J.)

## MEMORANDUM

In this *pro se* action brought pursuant to 42 U.S.C. § 1983, Bianca Sarpehfio filed a Complaint (Doc. 1) as "parent and next friend" of her son, T.B., a minor. Plaintiff also filed a "Motion for Appointment of Pro Bono Counsel." (Doc. 3).

It is well-established in this Circuit that a parent or legal guardian may not litigate *pro se* on behalf of a child. *See Osei-Afriye v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991) (holding that parent and guardian could not litigate *pro se* on behalf of his children); *see also Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998) ("It is ... well-established in this Circuit that the right to proceed pro se in

1

federal court does not give non-lawyer parents the right to represent their children in proceedings before a federal court."). "It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Osei-Afriye*, 937 F.2d at 883.

Additionally, we are mindful of our duty to "ensure that incompetent persons are properly represented." *Mondelli v. Berkeley Heights Nursing & Rehab. Ctr.*, 1 F.4th 145, 148 (3d Cir. 2021); *see also id.* at 149 ("A district court must invoke Rule 17 sua sponte ...."). T.B.'s mother is incapable of adequately representing his *legal* interests. Thus, we find it appropriate to seek to appoint pro bono counsel to represent T.B. in this litigation. *See* Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian ad litem—*or issue another appropriate order*—to protect a minor ... who is unrepresented in an action.") (emphasis added); *Powell v. Symons*, 680 F.3d 301, 310 (3d Cir. 2012) ("If he is determined to be incompetent and remains unrepresented, Rule 17(c) requires that a guardian be appointed *or some other remedial step taken*.") (emphasis added); *Sanchez v. R.G.L.*, 761 F.3d 495, 508 (5th Cir. 2014) ("Rule 17(c)(2)

requires a court to appoint counsel for an unrepresented minor in the proceedings ....”); *Bacon v. Mandell*, Civil Action Nos. 10-5506 (JAP), 2012 WL 4105088, at *14 (D.N.J. Sept. 14, 2012) (“While [Rule 17(c)(2)] expressly authorizes appointment of a guardian *ad litem*, the Rule's reference to ‘other appropriate orders’ allows the courts to resort to other measures, including appointments of conservators,[] *jura tertii*[,] and *pro bono* counsel.”) (footnotes omitted).  The plaintiff is cautioned, however, that if the court is unable to find *pro bono* counsel to represent T.B., the child's claims may be subject to dismissal without prejudice.

Accordingly, the court shall grant Plaintiff's Motion (Doc. 3) and conditionally appoint counsel to represent the unrepresented minor, T.B. The clerk will be ordered to forward a copy of this memorandum and the accompanying order to the *pro bono* chairman of the Middle District of Pennsylvania Chapter of the Federal Bar Association for the purpose of obtaining *pro bono* counsel to represent the minor-claimant, T.B.  All

filing obligations will be stayed for ninety days while the *pro bono* chairman attempts to find volunteer counsel to represent the minor-claimant, T.B.

An appropriate order follows.


Date: April 9, 2026                      /s/ Leo A. Latella
                                         Leo A. Latella
                                         United States Magistrate Judge